THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN JAMES,<br><br>                Plaintiff,<br><br>   v.<br><br>WILLOWS LODGE ASSOCIATES, LLC, a Washington Limited Liability Corporation, D/B/A Barking Frog Restaurant,<br><br>                Defendant. | No. C09-1172 RSL<br><br>STIPULATION AND PROTECTIVE ORDER |

## I.     STIPULATION

Recognizing that the parties may seek discovery of medical records, financial records, and other confidential information in this case that each party deems is subject to protection under Federal Rules of Civil Procedure 26 (c), the parties stipulate to the following protective order.

## II.     PROTECTIVE ORDER

It is hereby **ORDERED** as follows:

1.     Scope and Purpose of this Order: This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 1

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an Order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature. If a party files a "confidential" document (defined below) in court and does not attempt to file it under seal, or if a document is otherwise already part of the public records as of the entry of this Order, the document(s) in question will not be subject to this protective order. The mere filing of the "confidential" document by the non-designating party does not remove the document from the protection of this Order. If a non-designating party files a document marked "confidential" by the non-filing party, the non-filing party may seek appropriate relief from the Court to ensure protection under this Order.

2. Standard for Protected Documents: Any person who is required to produce documents or information in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes proprietary or sensitive business, personal, medical, or financial information.

3. Protected Documents: Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

4. Designating Protected Documents:

a. Marking Protected Documents: Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

b. Designating Deposition Testimony: Any party or non-party may move for a protective order to seal deposition testimony the movant believes in good faith is confidential within the meaning of this protective order.

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

c. Subsequent Designation: A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential if done in good faith. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

5. Maintaining Designated Protected Documents: Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

6. Disclosure of Protected Documents:

a. Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

b. The parties' counsel shall require all persons, except those referred to in paragraph 6(c), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain their certification.

c. Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

(i) Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

(ii) Any copying services hired by counsel to copy documents in bulk;

(iii) The court or any court personnel;

(iv) Any person testifying or attending a deposition;

(v) Any person identified as having authored or having previously received the protected document(s);

(vi) The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation; and

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

(vii) Former employees or agents; or

(viii) Consulting experts or expert witnesses.

d. This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure. Except for good cause shown, protected materials need not be filed under seal when submitted to the Court.

7. Producing Party's Use of Protected Documents: Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

8. Disputes as to Confidentiality Designation:

a. Meet and Confer Requirement: If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

b. Protective Order: If the dispute is not resolved through the meet and confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days from the notification of the disagreement to move the Court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible.

c. Status Pending Resolution of Dispute: Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

9. Rights of Parties: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

10. Upon Case Completion: When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 4

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for up to six years as required by the Rules of Professional Conduct. The protected documents are still subject to the Protective Order with special attention to paragraph 1.

DONE IN OPEN COURT this 30th day of October, 2009.

*/s/ Robert S. Lasnik*
THE HONORABLE ROBERT S. LASNIK
UNITED STATES DISTRICT COURT JUDGE

Presented by:

| THE BLANKENSHIP LAW FIRM | JACKSON LEWIS LLP |
|---|---|
| By /s/ Scott C. G. Blankenship<br>Scott C.G. Blankenship, WSBA #21431<br>Elizabeth Hanley DeLong, WSBA #38233<br>1201 Third Avenue, Suite 2880<br>Seattle, WA 98101<br>Telephone: 206-343-2700<br>Fax: 206-343-2704<br>Email:sblankenship@blankenshiplawfirm.com<br>edelong@blankenshiplawfirm.com | By /s/ Kristen S. Bell<br>Barry Allen Johnsrud, WSBA # 21952<br>Kristin S. Bell, WSBA #32766<br>600 University Street, Suite 2900<br>Seattle, WA 98101<br>Phone: 206-405-0404<br>Fax: 206-405-4450<br>Email: johnsrudb@jacksonlewis.com<br>bellk@jacksonlewis.com |

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 5

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

**Exhibit A**

I, _____, certify that I have received and read a copy of the Protective Order in *James v. Willows Lodge Associates LLC,* United States District Court, Western District of Washington, Cause No.CV9-1172 RSL. I agree to be bound by it. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

Dated this \_\_\_ day of _____, 200\_\_, in _____, Washington.

_____

STIPULATION AND PROTECTIVE ORDER
(Cause No. C09-1172 RSL)
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700